## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION


**DERRICK WILLIS**                                                                            **PLAINTIFF**

**V.**                                                                             **NO. 4:10CV096-P-D**

**E.L. SPARKMAN, et al.**                                                                   **DEFENDANTS**


## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A).  Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, files this *pro se* complaint pursuant to 42 U.S.C. § 1983.  Plaintiff complains that on April 15, 2010, when he was transferred to from one facility to another, he did not receive any of his personal property.  The Plaintiff is seeking $400.00 in compensatory damages.


After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States.  *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)).  In the event there is no constitutional right, the plaintiff's complaint fails.  *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

To the extent Plaintiff seeks redress for loss or deprivation of his property that is "random and unauthorized," the United States Supreme Court has held that such deprivation does not constitute a civil rights violation as long as the state provides a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 541-44, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).  It is well

established that neither the negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available. *Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Fifth Circuit has upheld dismissal of countless cases involving prisoners' suits for property deprivation because of the availability of state law remedies. *Myers v. Klevenhage*, 97 F.3d 91, 94-95 (5th Cir. 1996); *Murphy v. J.A. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984).

Mississippi provides post-deprivation remedies for both negligent and intentional conversions of property. *See* Miss. Code Ann. §§ 11-38-1 *et seq.* (claim and delivery); Miss Code Ann. §§ 11-37-101 *et seq.* (replevin); *Masonite Corp. v. Williamson*, 404 So.2d 565, 567 (Miss. 1981) (conversion). It is plaintiff's burden to establish that the post-deprivation remedies are not adequate. *Myers*, 97 F.3d at 94-95.

Here, the Plaintiff has failed to allege, much less prove, that these remedies are not adequate. Moreover, the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Thus, Plaintiff's remedy is not found in a Section 1983 action, but in a tort claim under state law. Therefore, he has failed to state a cognizable constitutional claim. Additionally, the Plaintiff does not assert that the Defendants have intentionally deprived him of his property. In response to his grievance, MDOC explained that his property would be transported to him as soon as possible. Accordingly, the complaint has no merit and shall be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 1st day of September, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE